UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| VICKIE LEA SCHAFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 05-3044 |
| | ) | |
| QUINCY NEWSPAPERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Court now considers Defendant Quincy Newspapers, Inc.'s Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(5).

## I.  FACTS

Plaintiff Vicki Lea Schafer worked for Quincy Newspapers, Inc. ("QNI") until the company discharged her on October 25, 2004. Believing that QNI fired her because of her gender, Schafer filed a charge against QNI pursuant to 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The Equal Employment Opportunity Commission investigated her claim and

1

issued a right to sue letter. Upon receipt of that letter, Schafer filed a *pro se* Complaint in this Court on February 28, 2005.

Schafer secured counsel and filed a First Amended Complaint on June 27. Schafer amended the complaint again on June 29 and executed a Request for Waiver of Service on July 5. A summons was issued on August 4 and QNI was served with an Amended Complaint on August 9.

Because Schafer's Amended Complaint was not served on QNI until 162 days after she filed it, QNI moves the Court to dismiss her suit. The parties have briefed the issue and the Court now decides the matter.

## II.  ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(5), an action may be dismissed due to insufficiency of service of process. Federal Rule of Civil Procedure 4(m)[1] requires the dismissal of an action if the plaintiff

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure states, in part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

fails to serve the complaint within 120 days after it is filed and does not show good cause for failing to comply with the 120 day requirement. The plaintiff bears the burden of showing good cause. See Geiger v. Allen, 850 F.2d 330, 333 (7th Cir.1998). Once good cause is shown, the district court must extend the time for service. Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir.1996). Even if good cause is not shown, a district court must consider whether a permissive extension of time for service is warranted. Id. at 340-41.

    A showing of good cause also must include evidence that the plaintiff used "reasonable diligence" in attempting to serve defendant within the Rule 4(m) period. Id., citing Bachenski v. Malnati, 11 F.3d 1371, 1377 (7th Cir.1993). Schafer appears to have made no effort to serve QNI between the date she filed her Complaint (February 28, 2005) and the time her attorney entered an appearance (June 27, 2005). Thus, she has not established good cause for failing to properly serve QNI.

    Schafer failed to demonstrate good cause for failing to timely serve QNI in this case. Still, a permissive extension of time to effect service is

3

warranted.

First, the statute of limitations would bar Schafer from refiling her Title VII claim if the Court dismissed her case for untimely service.  See Panaras, 94 F.3d at 341, citing Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.").

Second, while QNI claims it will be prejudiced if the case is not dismissed, delay is the only harm it identifies in its motion.  Considering discovery has not even proceeded, delay is not an adequate justification for dismissal.

Third, QNI received actual notice of the lawsuit before the 120-day period had elapsed.  It simply decided not to waive service in an attempt to dispose of Schafer's Title VII claim via a technicality.  Under these circumstances, justice is served by allowing a permissive extension of time for service.

**ERGO**, Defendant QNI's Motion to Dismiss (d/e 10) is DENIED.

IT IS SO ORDERED.

ENTER: January 13, 2006

FOR THE COURT:                              s/Richard Mills
                                            United States District Judge